UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JERRY L. HOFFMAN, JR.,**

    Plaintiff,

v.                                                                               Case No. 2:23-cv-130-SPC-NPM

**JOSE DALGADO,
CITY OF PUNTA GORDA POLICE DEPARTMENT,**
and **CITY OF PUNTA GORDA,**

    Defendants.

---

# ORDER

Before the court is plaintiff Jerry L. Hoffman, Jr.'s motion to proceed in forma pauperis. (Doc. 2). Having reviewed the motion and accompanying complaint, Hoffman's request is granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2). The court therefore dismisses the complaint with leave to amend.

**I.     Background**

Hoffman, a "photojournalist" proceeding pro se, brought this 42 U.S.C. § 1983 action against the Punta Gorda Police Department ("PGPD"), the City of Punta Gorda ("City"), and Jose Delgado, in his individual capacity. Hoffman claims he visited the PGPD to inquire into the status of his Freedom of Information Act request. And he was attempting to record his interactions. After being informed that

he was not permitted to do so and asked to leave, Hoffman went to question one of the officers. In doing so, he was met with force by detective Delgado. Hoffman claims he was ultimately hospitalized for injuries sustained from the interaction and then taken to jail. (Doc. 1).

## II.     Legal Standards

When considering a motion to proceed in forma pauperis, the court first considers whether the movant satisfies the poverty requirement. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The motion (and any supporting affidavits) must show that "the litigant[,] because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*[1] If this threshold is met, the court should docket the case without prepayment of costs and then consider the sufficiency of the complaint under § 1915(e)(2). *Martinez*, 364 F.3d at 1307.

As alluded to, proceeding in forma pauperis is not a right for financially qualified litigants. Under § 1915, the court is obligated to assess the sufficiency of the pleading. A complaint that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected. 28 U.S.C. § 1915.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

To satisfy § 1915 review, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(1)–(3). A complaint need only provide enough facts to be facially plausible, but that requires more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Put simply, the court must be able to draw a reasonable inference of liability from the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, pro se pleadings are construed liberally. And leave to amend should be allowed if a more carefully drafted complaint could state a claim upon which relief could be granted. *Driessen v. Barclays Bank, PLC*, No. 21-13437, 2022 WL 3042940, *1 (11th Cir. Aug. 2, 2022).

### III. Discussion

#### A. Financial Eligibility

The court has carefully reviewed Hoffman's application to proceed in district court without prepaying fees or costs (Doc. 2) and finds him financially eligible to proceed *in forma pauperis*. Civil action filing fees currently exceed $400. *See* Middle District of Florida Schedule of Fees. Hoffman, however, is unemployed collecting $914 a month in disability. Although he reported his wife's monthly income over the last year was $2,853, she is no longer employed. Currently, their

combined monthly income is $994 a month, and they have only $475 cash and $235.52 in their bank accounts. Making matters worse, their combined monthly expenses total $3,761. (Doc. 2). Needless to say, their monthly expenses vastly exceed their current monthly income. The court finds the poverty requirement is satisfied and moves on to the § 1915(e)(2) analysis.

### B.     Claim Sufficiency

Although pro se pleadings are held to a less stringent standard than those drafted by attorneys, they still may not violate procedural rules. *Mickens v. Tenth Jud. Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006). Hoffman's complaint is guilty of such violations.

Hoffman fails to sufficiently assert a claim against the City and PGPD. As for the City, a municipality is liable under § 1983 only if it is found to have itself caused the violation of federal law or deprivation of federally created rights. *Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir.2007). It cannot be held vicariously liable for the acts of others. *Id.*; *see also Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1055–56 (S.D. Ala. 2007), *aff'd sub nom. Hamilton v. City of Jackson, Alabama*, 261 F. App'x 182 (11th Cir. 2008) ("[A] municipality may not be sued under Section 1983 for the acts of others but, rather, only for its own acts."). "Instead, a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Gold v. City of Miami*,

151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978)). Thus, Hoffman must identify a municipal policy or custom that caused his injury. *Gold*, 151 F.3d at 1350. No such policy or custom has been alleged here. So he fails to state a valid § 1983 claim against the City.

Nor can Hoffman maintain his § 1983 claim against PGPD. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). In Florida, a city police department is merely an arm of the city, not an entity subject to suit. *Rodriguez v. Quinones*, 508 F. Supp. 3d 1198, 1206 (S.D. Fla. 2020); *Lavandeira v. Tampa Police Dep't*, No. 8:20-cv-169-T-23-CPT, 2020 WL 6545983, *1 (M.D. Fla. Nov. 6, 2020) (explaining that "even a brief review of the governing legal authority" revealed that federal claims brought against the Tampa Police Department were actually claims against the City of Tampa); *Shepard v. Hallandale Beach Police Dep't*, No. 06-60322-CIV, 2006 WL 8446393, *3 (S.D. Fla. May 3, 2006), *report and recommendation adopted*, 2006 WL 8446351 (June 5, 2006) (dismissing § 1983 claim against Hallandale Beach Police Department). Thus, Hoffman's claim against PGPD also fails.

As mentioned, pro se litigants should be allowed to amend their complaint if a more carefully drafted pleading could state a claim. If Hoffman were to drop PGPD as a party and allege facts sufficient to support a claim against the City, he may have a viable claim. Plus, he appears to have sufficiently pled his claim against Delgado. So the court will permit him another opportunity to submit a complaint that complies with the proper pleading standards.

Accordingly,

1. Hoffman's application to proceed in district court without prepaying fees or costs (Doc. 2) is **GRANTED**;

2. The court stays the service-of-process provision in 28 U.S.C. § 1915(d) and Rule 4(m) until ordered otherwise; and

3. The court **DISMISSES** Hoffman's complaint **without prejudice** and with leave to amend **within 21 days** of this order.

**ORDERED** on April 3, 2023.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE