UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JERRY L. HOFFMAN, JR.**,

    Plaintiff,

v.                                                                            2:23-cv-130-SPC-NPM

**JOSE DALGADO** and
**CITY OF PUNTA GORDA**,

    Defendants.

---

## ORDER

In this action arising under 42 U.S.C. § 1983, the court previously granted plaintiff Jerry L. Hoffman, Jr.'s motion to proceed in the district court without prepaying fees or costs. But the court dismissed Hoffman's complaint with leave to amend. (Doc. 4). He has since amended his complaint and, without prejudice to any defendant's ability to file a Rule 12 motion, Hoffman's pleading appears sufficient for purposes of 28 U.S.C. § 1915. (Doc. 5). The court now lifts the stay of the service-of-process provision in 28 U.S.C. § 1915(d) and Rule 4(m).

Hoffman must now serve the defendants. Although Hoffman is entitled to service by the United States Marshal, *see* Fed. R. Civ. P. 4(c)(3), the court's interest in preserving resources and minimizing the burden on the Marshal's staff necessitates that Hoffman first attempt to secure defendants' waiver of service. *See* Fed. R. Civ. P. 4(d). Therefore, Hoffman must first exhaust all reasonable efforts to

obtain a waiver of service from each defendant. The request for waiver of service must include the following (completed) documents and be mailed separately to each defendant:[1]

(1)   Notice of Lawsuit and Request for Waiver of Service of Summons (AO 398);

(2)   Two copies of the Waivers of Service of Summons (AO 399);[2]

(3)   A copy of the amended complaint and any exhibits; and

(4)   a copy of this order.

By **June 12, 2023**, Hoffman must either file the waivers of service or a notice that one or both defendants have failed or refused to waive service. If waivers are filed, the case will proceed as usual. Otherwise, Hoffman must furnish proof that he properly requested waivers of service. Failure to comply with this deadline may result in dismissal of this case.

If defendants refuse to waive service, then Hoffman may invoke the Marshal's assistance to complete service of process. *See* Charles Alan Wright, Arthur R. Miller, et al., 4A FED. PRAC. & PROC. CIV. § 1090 Service by Marshal; Which Marshal May Serve (4th ed. Apr. 2022 update) (noting that the policy supporting Marshal service

---

[1] A waiver packet must be sent to defendant Delgado at either his residence or place of employment. And a packet to defendant City of Punta Gorda must be mailed to the mayor or other public officer as identified in Fla. Stat. § 48.111.

[2] The court's forms are publicly available: https://www.flmd.uscourts.gov/forms/all. Hoffman may obtain copies online or request hard copies from the clerk's office.

for IFP plaintiffs "is to provide service for those who cannot afford private service," but "the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible" should service by the Marshal be used).[3] That said, defendants are reminded of their "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Their failure to waive service will result in the court imposing costs for the Marshal's expenses incurred in effecting service. Fed. R. Civ. P. 4(d)(2).

If defendants do not timely waive service, Hoffman must also submit to the clerk two or more USM-285 forms requesting personal service on defendants at a proper address and must include—for each USM-285 form—a corresponding summons and copy of the amended complaint. This should be submitted to the clerk contemporaneously with his notice that either or both defendants refused to waive service. Upon receipt, the clerk is directed to issue the proper summons and forward the forms to the Marshal, who will make reasonable use of its resources to effect service.

In the event the Marshal cannot effect service at the addresses Hoffman will provide, it is Hoffman's responsibility to follow up and provide any supplemental

---

[3] Hoffman should consult the Federal Rules of Civil Procedure and the court's Guide for Proceeding Without a Lawyer (available on the court's website under the "For Litigants" section).

USM-285 forms with updated addresses. Hoffman must ensure service is completed by **July 12, 2023,** or an unserved defendant may be dropped from this case.

        **ORDERED** on April 13, 2023.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE