UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN, JR.,

    Plaintiff,

v.                                     Case No.  2:23-CV-130-SPC-NPM

JOSE DELGADO AND CITY
OF PUNTA GORDA,

    Defendants.
_____/

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

    COME NOW, Defendant Jose Delgado and Defendant City of Punta Gorda, through their undersigned attorney, hereby file and serve their Unopposed Motion for Extension of Time to File Responses to Complaint with Incorporated Memorandum of Law.

    1.    Generally, this action arises out of Plaintiff's July 28, 2022 arrest in the lobby of the Punta Gorda Police Department.  (*See* Doc. 5 at ¶ 8).  Plaintiff asserted many claims against Defendants but generally challenges the lawfulness of force used upon him, his arrest, a City ordinance prohibiting recording in the Police Department lobby (and other locations), and Plaintiff's criminal prosecution.  (*See* Doc. 5 at ¶¶ 1-2).

    2.    Plaintiff initiated this action on February 27, 2023 by filing his initial complaint.  (*See* Doc. 1 at 1).  Plaintiff then filed his Amended Complaint and Demand

for Jury Trial on April 12, 2023. (*See* Doc. 5 at 1). On June 12, 2023, the Court struck a Second Amended Complaint Plaintiff filed on May 22, 2023 and directed that the Amended Complaint is the operative pleading. (*See* Doc. 13).

3. The City and Delgado each waived service of summonses. (*See* Doc. 10; Doc. 11). So, Defendants are each due to respond to Plaintiff's Amended Complaint on or before June 20, 2023.

4. Defendants now request a 10-day extension of time to respond to Plaintiff's Amended Complaint (Doc. 5).

5. The Court "has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that the Court may, for good cause shown, extend the specified time during which an act must be done. *See* Fed. R. Civ. P. 6(b)(1)(A). Additionally, Rule 1 of the Federal Rules of Civil Procedure provides that the aim of the Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding."

6. In conferring pursuant to Local Rule 3.01(g) regarding Defendants' anticipated Rule 12 motions in response to Plaintiff's Amended Complaint, Plaintiff indicated he would like additional time to consider Defendants' anticipated arguments and legal authorities and that, after doing so, Plaintiff may seek to amend his complaint. Defendants maintain many issues in Plaintiff's Amended Complaint that

Defendants would otherwise raise in Rule 12 motions (including, without limitation: facial viability of the Eighth Amendment claim, Fourteenth Amendment due process claim, quo warranto claim, and malicious prosecution claim; adequacy of factual support for 42 U.S.C. § 1983 claims against the City; and punitive damages from the City) would be best resolved by amending the complaint rather than through Rule 12 motions and would agree to Plaintiff filing an amended complaint to narrow the issues. *See* Fed. R. Civ. P. 15(a)(1)(B).[1] So, Defendants request additional time to respond to Plaintiff's Amended Complaint so that Plaintiff may determine whether to amend his complaint and do so, and even if not, so the parties may complete a full, informed conferral on the issues to be raised in anticipated Rule 12 motions directed to the Amended Complaint (Doc. 5).

7. Defendants respectfully maintain that good cause exists to extend the deadlines for Defendants to respond to the Amended Complaint and that the requested extension would advance efficient administration of this action.

8. Defendants have not previously requested that the Court extend any deadline. This case is not set for trial, nor has the Court entered a case management and scheduling order. This request is not made in bad faith or for the purpose of undue delay.

---

[1] Even after possible amendment, issues may remain for resolution through Rule 12 motions. For example, it appears that the parties do not agree on legal viability of Plaintiff's claims based on the First Amendment. However, amending the complaint could considerably narrow the issues to be resolved by the Court.

WHEREFORE, Defendant City of Punta Gorda and Defendant Jose Delgado respectfully request that the Court enter an order extending the deadline for Defendants to respond to Plaintiff's Amended Complaint (Doc. 5) by 10 days to June 30, 2023 and for any other relief the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Defendants conferred via telephone with Plaintiff in a good faith effort to resolve the issues raised in this motion. Plaintiff is unopposed to the relief requested in this motion.

Respectfully submitted,

*/s/ Frank Mari*
Frank M. Mari
Florida Bar No. 93243
Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary email: fmari@roperpa.com
Secondary email: ihaines@roperpa.com
Attorney for Defendant City of Punta Gorda and Defendant Jose Delgado

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 15, 2023, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system and served copies via U.S. Mail (on June 16, 2023) and e-mail (on June 15, 2023) upon the following non-CM/ECF participant: Plaintiff Jerry L. Hoffman, Jr., (ImCatchULater@gmail.com), 18470 SE 18th Lane, Williston, Florida, 32696.

*/s/ Frank Mari*
Attorney for Defendant City of Punta Gorda and Defendant Jose Delgado