UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN, JR.,

    Plaintiff,

v.   Case No. 2:23-cv-130-SPC-NPM

JOSE DELGADO AND CITY
OF PUNTA GORDA,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN AND DISMISS WITHOUT PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

COME NOW, Defendant Jose Delgado and Defendant City of Punta Gorda, through their undersigned attorney, hereby file and serve their Motion to Stay Proceedings or, in the Alternative, Motion to Abstain and Dismiss Without Prejudice.

### I.   BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's July 28, 2022 arrest in the lobby of the Punta Gorda Police Department. (*See* Doc. 5 ¶ 8). Plaintiff allegedly visited the City's Police Department to inquire about his prior "FOIA request" and obtain complaint forms. (Doc. 5 ¶ 8). He was recording in the Police Department lobby and requested service through what Plaintiff described as a public service window. (Doc. 5 ¶ 10).

City police officers entered the lobby and told Plaintiff (and others present with him) that if they were recording, to step outside the lobby due to an ordinance making it unlawful to record inside City facilities. (*See* Doc. 5 ¶¶ 12-14). Detective Jose

Delgado entered the lobby and directed Plaintiff (and others with him) outside. (*See* Doc. 5 ¶ 24). Plaintiff claims that Delgado shoved him, attempted to drag him by his wrist to the exit, and hit him. (Doc. 5 ¶¶ 26-38). Delgado placed Plaintiff under arrest and put Plaintiff in handcuffs. (Doc. 5 ¶¶ 38, 40).

Plaintiff was transported to a hospital and evaluated, finding no broken bones. (Doc. 5 ¶ 45). Plaintiff was arrested for assaulting a law enforcement officer, resisting arrest with violence, and trespass after warning. (Doc. 5 ¶ 44). Plaintiff's related criminal case remains pending.[1]

Plaintiff initiated this action on February 27, 2023, by filing his initial complaint. (*See* Doc. 1 at 1). Plaintiff filed his Amended Complaint and Demand for Jury Trial on April 12, 2023. (*See* Doc. 5 at 1). On June 12, 2023, the Court struck a Second Amended Complaint Plaintiff filed on May 22, 2023, and directed that the Amended Complaint (Doc. 5) is the operative pleading. (*See* Doc. 13). Plaintiff seeks quo warranto relief and monetary damages. (Doc. 5 at 15, 5).

Plaintiff's Amended Complaint contains several claims that are not each stated in separate counts. In Count I, Plaintiff appears to bring a claim under 42 U.S.C. § 1983 against Delgado for false arrest, excessive force, violation of the Eighth Amendment, First Amendment retaliation, violation of the Fourteenth Amendment,

---

[1] Defendants request that the Court take judicial notice of the state court's docket and filings in *State of Florida v. Hoffman* (Circuit Court of the 20th Judicial Circuit, in and for Charlotte County, Florida, case number 22001209F), *see McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014), which reflect that Plaintiff's criminal case is unresolved, with no conviction presently entered against Plaintiff.

and malicious prosecution. In Count II, Plaintiff appears to bring a Section 1983 claim against the City of Punta Gorda for false arrest, excessive force, violation of the Eighth Amendment, violation of the First Amendment, First Amendment retaliation, and violation of the Fourteenth Amendment.

Defendants filed their Motion to Dismiss and Motion to Strike (Doc. 20) on June 30, 2023. Plaintiff filed a response in opposition (Doc. 25) on July 14, 2023. Defendants' Motion to Dismiss and Motion to Strike is therefore ripe. A preliminary pretrial conference hearing is set for August 3, 2023. (*See* Doc. 12).

## II.  ARGUMENT

### A. Supreme Court Precedent Advises a Stay of the Proceedings Where Probable Cause is an Issue

"If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Heck v. Humphrey*, the Supreme Court noted, "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck v. Humphrey*, 512, U.S. 477, 487-88, n.8 (1994). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549

U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)) and *Heck*, 512 U.S. at 487.

In the present case, Plaintiff's false arrest claim has already accrued, as his "damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Wallace*, 549 U.S. at 390. Plaintiff's malicious prosecution claim, however, has <u>not</u> accrued because his criminal proceedings are ongoing. *Id.; see also Luke v. Gulley*, 975 F. 3d 1140, 1144 (11th Cir. 2020). This action certainly threatens to impugn (and presently creates a significant risk of inconsistent judgments with) Plaintiff's state-court criminal case. Criminal conviction would conclusively establish probable cause. *See Quire v. Miramar Police Dept.*, 595 F. App'x 883, 886 (11th Cir. 2014). Probable cause is an element of Plaintiff's claims for malicious prosecution and First Amendment retaliation. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1297 (11th Cir. 2019) (First Amendment retaliation); *Gomez v. Lozano*, 759 F. Supp. 2d 1335, 1337 (S.D. Fla. 2011) (malicious prosecution). Probable cause is an absolute bar to a Section 1983 claim for false arrest. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). So, permitting Plaintiff to proceed with his civil claims while his criminal case is unresolved risks inconsistent results. Also, the statute of limitations on his false arrest claim has been running for approximately one year, leaving considerable time before the statute of limitations on this claim (and others Plaintiffs has asserted) expires. Plaintiff's malicious prosecution claim has not yet accrued. So, no statute of limitations is currently running on Plaintiff's malicious prosecution claim.

### B. A Stay is Warranted in Light of the Pending Motion to Dismiss

Federal courts have broad discretion to stay proceedings as part of their inherent authority to control their docket. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997). Although the Court has not yet issued a case management and scheduling order, a stay would impact discovery deadlines. The Eleventh Circuit Court of Appeals has held that facial challenges to the legal sufficiency of a complaint should be resolved before discovery beings. *Cotton v. Mass. Mutual Life Ins. Co.*, 402 F. 3d 1267, 1292 (11th Cir. 2005). A stay is also warranted when a government official raises an immunity defense, as Defendant Delgado as done in this case. (*See* Doc. 20 at 13-14); *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982); *see also Berry v. Canady*, 2011 WL 806230, *1 (M.D. Fla. Mar. 2, 2011) (granting motion to stay discovery pending a ruling on a motion to dismiss which asserted a qualified immunity defense). When qualified immunity applies, governmental officials should not be subjected "either to the costs of trial or to the burdens of broad-reaching discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). It "has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of case." *Id.* at 47 (citations omitted). Given the intertwined nature of Plaintiff's claims, it would further the Court's interest in judicial

economy to stay the case until the Motion to Dismiss is resolved.

Accordingly, in light of the pending motion to dismiss and Delgado's assertion of qualified immunity (*see* Doc. 20 at 13-14), stay of the proceedings is within the Court's discretion and appropriate.

### C. Alternative Request for Dismissal Without Prejudice Under *Younger*

There is also authority for the Court to apply *Younger* abstention doctrine and dismiss the case without prejudice because Plaintiff's criminal proceedings are currently pending, they involve important state interests, and Plaintiff can raise his constitutional challenges in the state criminal proceedings. *See Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766-67 (11th Cir. 2013). "Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an 'embryonic stage and no contested matter [has] been decided.'" *Id.* at 766 (quoting *For Your Eyes Alone, Inc. v. City of Columbus,* 281 F.3d 1209, 1217 (11th Cir. 2002)).

Here, Plaintiff's state arrest and criminal prosecution commenced in July 2022; he did not initiate this case until February 27, 2023. (Doc. 1). "The Eleventh Circuit has consistently held that a federal court should dismiss a § 1983 complaint on *Younger* grounds when 'the state criminal proceedings against [the § 1983 plaintiff] are pending,' and the plaintiff 'could have raised his constitutional challenges in the state criminal proceedings.'" *Destin v. Brooks*, 2023 WL 2240453, at *3 (S.D. Fla. Feb. 27, 2023) (quoting *Turner,* 542 F. App'x at 766-67); *see also Green v. Jefferson Cty. Comm'n*,

563 F. 3d 1243, 1250 (11th Cir. 2009) ("The abstention doctrine derived from *Younger* applies most often in cases involving pending state criminal prosecutions."); *Lancaster v. Jones*, 2021 WL 3471693, at *2 (M.D. Fla. Aug. 6, 2021) (noting that "this Court may not interfere with a pending criminal action.").

In the present case, because Plaintiff's criminal proceedings are currently pending, they involve important state interests, and he can raise his constitutional challenges in those proceedings, *Younger* abstention and dismissal without prejudice are also appropriate.

### III.  REQUEST FOR RELIEF

WHEREFORE, Defendant City of Punta Gorda and Defendant Jose Delgado respectfully request that the Court enter an order staying this case pending the resolution of Plaintiff's related criminal case or, in the alternative, dismiss the case without prejudice pursuant to the *Younger* abstention doctrine and for any other relief the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiff via telephone in a good faith effort to resolve the issues raised in this motion.  The parties do not agree on resolution of this motion.

Respectfully submitted,

*/s/ Frank Mari*
Frank M. Mari
Florida Bar No. 93243
Roper, P.A.
2707 E. Jefferson Street

Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary email: fmari@roperpa.com
Secondary email: ihaines@roperpa.com
Attorney for Defendant City of Punta Gorda and Defendant Jose Delgado

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2023, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system and served a copy by email upon the following non-CM/ECF participant: Plaintiff Jerry L. Hoffman, Jr., (ImCatchULater@gmail.com), 18470 SE 18th Lane, Williston, Florida, 32696.

*/s/ Frank Mari*
Attorney for Defendant City of Punta Gorda and Defendant Jose Delgado