UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

JERRY L. HOFFMAN JR.

    Plaintiff,

    v.                                                  Case No. 2:23-cv-130-SPC-NPM

JOSE DELGADO AND

CITY OF PUNTA GORDA,

    Defendants.

_____/

PLAINTIFF'S MOTION IN ADVERSE TO, DEFENDANTS
MOTION TO STAY OR, IN THE ALTERNATIVE, MOTION TO
ABSTAIN AND DISMISS WITHOUT PREJUDICE
WITH  INCORPORATED MEMORANDUM OF LAW

COME NOW, Plaintiff Jerry L. Hoffman Jr., a Pro Se litigant, hereby file and serve this Motion to Advance Case No. 2:23-cv-130-SPC-NPM.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's July 28, 2022, arrest in the lobby of the Punta Gorda Police Department (See Doc.5 ¶ 8). Plaintiff visited the City's Police Department to inquire about Plaintiff's prior "FOIA" request and obtain complaint forms. (Doc. 5 ¶ 8). Plaintiff was recording upon entering the

public lobby and went to the public's "window" and requested service. (Doc. 5 ¶ 10). Three officers entered the public lobby wearing Body Worn Cameras. (Doc. 5 ¶ 12). The Watch Commander refused to supply complaint forms and requested Plaintiff to step outside due to recording. (See Doc. 5 ¶ 14). Plaintiff informed officers that Plaintiff would "step outside" (Doc. 5 ¶ 22). Defendant Delgado enters the public lobby and angrily assaults Plaintiff three times as Plaintiff attempts to leave. (See Doc. 5 ¶ 26, 28, 32). Plaintiff's words enraged Defendant Delgado. (See Doc. 5 ¶ 25, 27, 30). As plaintiff is assaulted the third time, still not under arrest or detained, Plaintiff says "Get off me man" as plaintiff removes elbow from Defendant Delgado 's grip (see Doc. 5 ¶ 31, 32, 34), and in a rage Defendant Delgado strikes Plaintiff and retaliatorily arrests Plaintiff. (See Doc. 5 ¶ 35). Even though Plaintiff is unresisting, Plaintiff is brutally punished, handcuffed, brutally punished some more, then taken to the back and questioned. (See Doc. 5 ¶ 37-40, 43). Plaintiff was never mirandized or searched but taken to the emergency Room. (Doc. 5 ¶ 43, 44). Defendant Delgado has exhibited this behavior before on independent news video. (Doc 5

¶ 46). Plaintiff was retaliatorily arrested for video recording, by a false charge of assaulting an officer, resisting arrest with violence, and trespass after warning due to Defendant Delgado's perjured report. (Doc. 5 ¶ 44). Plaintiff's criminal case remains pending.

Plaintiff initiated this action on February 27, 2023, by filing Plaintiff's initial complaint. (See Doc. 1 ¶ 1). Plaintiff filed an Amended Complaint and Demand for Jury Trial on April 12, 2023. (See Doc. 5). On July 14, 2023, Plaintiff filed Document 25 (See Doc. 25) answering Defendants Motion to dismiss (See Doc. 20). On August 02, 2023, Defendants filed Motion to Stay Proceedings. (Doc. 27)

## ARGUMENT

The Ninth Circuit held that Probable Cause does not defeat a retaliatory arrest claim, *Nieves v Bartlett.* Plaintiff, an officer, witnesses and video are asserting there was no probable cause for arrest. (See Doc. 5 ¶ 22). Defendant Delgado's motive then, was a "But-For" Cause of injury as in *Hartman v Moore.* Plaintiff was falsely and retaliatorily arrested for video recording in a public

lobby allegedly in violation of an unconstitutional City of Punta Gorda Ordinance. When Defendant Delgado perjured his official arrest report (See Doc. 5 ¶ 47) and swore to that perjured arrest report, defendant Delgado violated the law, and Plaintiff's Fourth Amendment Right. In *Mapp v. Ohio,* the 'exclusionary rule' prevents prosecutors from using evidence in court that was obtained by violating the Fourth Amendment to the U.S. Constitution. When the Prosecutor proceeded on the criminal case, (Case No. 22001209F) without an indictment and without Probable Cause, it raises questions concerning whether a criminal defendant was wrongly charged, or whether an individual may seek redress for a wrongful prosecution. In retaliatory prosecution cases, casual injury is particularly complex because the official alleged to have the retaliatory motive does not carry out the retaliatory action himself. Instead, the decision to bring charges is made by the prosecutor who is generally immune from suit and whose decisions receive a presumption of regularity. To account for that "problem of causation", Plaintiffs, in retaliatory prosecution cases must prove as a threshold matter that the decision to press

charges was objectively unreasonable because it was not supported by probable cause. *Hartman* 547 U.S. 263 pp 5-7.

("Nearly every other Circuit has held that malicious prosecution is actionable under the Fourth Amendment to the extent that the defendant's actions cause the Plaintiff to be 'seized' without probable cause"); *Kossler,* 564 F. 3d, at186-187; *Sykes v. Anderson*, 625 F. 3d 249, 308-309 (CA6 2010); *Durham v. Horner*, 690 F. 3d 183, 188 (CA4 2012); *Myers v. Koopman*, 738 F. 3d 1190(CA10 2013); *Winfrey v. Rogers*, 901 F. 3d 483, 491-493 (CA5 2018); *Lanning*, 908 F. 3d, at 28; *Jordan v. Waldoboro*, 943 F. 3d 532, 545 (CA1 2019); *Williams v. Aguirre,* 965 F. 3d 1147, 1157 (CA11 2020).

The dispute against the Defendants Motion concerns one element of the Fourth Amendment claim under §1983 for malicious prosecution. To determine the elements of a constitutional claim under §1983, the Courts practice is to first look to the elements of the most analogous tort as of 1871 when §1983 was enacted, so long as doing so is consistent with "the values and

purposes of the constitutional right at issue." *Manuel*, 580 U.S., at 370; See also *Nieves v. Bartlett*, 587 U.S.__, __ (2019) (slip op., at 12); *Heck*, 512 U.S., at 483.[2]

Here, as most of the Courts of Appeals to consider the question have determined, the most analogous tort to this Fourth Amendment claim is malicious prosecution. See *Kossler*, 564 F 3d, at 186; *Sykes*, 625 F. 3d, at 308-309; *Durham*, 690 F. 3d, at 188; *Myers*, 738 F. 3d, at 1194; *Lanning*, 908 F. 3d, at 28; *Jordan*, 943 F. 3d, at 545. That is because the gravamen of the Fourth Amendment claim for malicious prosecution, as the Court has recognized it, is the wrongful initiation of charges without probable cause.

[Defendant Delgado] "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood" and "such statements or omissions [we]re material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotation marks omitted); *see Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003) (citing *Wilson* with approval and noting that in the § 1983 context "an officer or investigator cannot rely on judicial determination of

probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant" (internal quotation marks and alteration omitted)); *Hinchman v. Moore*, 312 F.3d 198, 205-06 (6th Cir. 2002) ("Falsifying facts to establish probable cause to arrest and prosecute an innocent person is of course patently unconstitutional"). If the affidavit contains false statements or material omissions, we set aside the statements and include the information omitted in order to determine whether the affidavit is still sufficient to establish probable cause. *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)); *Burleigh v. City of Detroit*, 80 Fed.Appx. 454, 458 (6th Cir. 2003) According to Officer Miller, video recording in the public lobby of the Punta Gorda Police Department is not an arrestable offence. (See Doc. 5 ¶ 20).

## CLAIMS PREVIOUSLY STATED BY PLAINTIFF

Plaintiff has stated claims against Defendant Delgado to include;

Claim of excessive force, (Doc. 5 ¶ 51). Claim of First Amendment Retaliatory Arrest, (Doc. 5 ¶ 52), Claim of First Amendment Violation (doc. 5 ¶ 52), Claim of Fourth Amendment Violations, {perjured report, omitted information on same report, seizure of Plaintiff without Probable cause, excessive force during arrest, unwanted incarceration, warrantless taking of plaintiff's Body Worn Camera} (Doc. 5 ¶ 50, 51), Claim of Eighth Amendment Violation, (Doc. 5 ¶ 51), Claim of fourteenth Amendment Violation, (D0c. 5 ¶ 51, 52,).

In cases of physical assault, such as allegations of excessive force by an officer, the underlying Constitutional right at issue depends on the custodial status of the victim. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Defendant Delgado "punished" before and after an unlawful arrest.

Plaintiff has stated *Monel* claims against The City of Punta Gorda to include; Unconstitutional ordinances, (Doc. 5 ¶ 55, 64), Not properly

supervising Defendant Delgado, (Doc. 5 ¶ 56, 61-63), Actions and ordinances by the City of Punta Gorda deliberately indifferent to the Rights of citizens, (Doc. 5 ¶ 60), Perjured report and excessive force from one of the City's officers. (Doc. 5 ¶ 47), No de-escalation training of officers, (Doc. 5 ¶ 48). "failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." *Harris,* 109 S. Ct. at 1204.

## A STAY IS NOT WARRANTED
## PLAINTIFF SEEKS TO CONTINUE CASE NO. 2:23-cv-130

Discovery commenced on July 14, 2023. See *Cotton v. Mass Mutual.* Defendants sent interrogatories and requests for documents to Plaintiff and Plaintiff answered. Plaintiff sent interrogatories and request for documents and has not received response due to Defense's motion to stay.

Qualified Immunity is not warranted for Defendant Delgado, who perjured his mittimus thereby violating Plaintiff's Fourth Amendment Right and falsely arresting Plaintiff without probable cause, among other Constitutional violations, (See *Harlow v. Fitzgerald, 547 U.S. 800, 847 (1982)*))

Plaintiff was never indited by a grand jury, violating Amendment V of the United States Constitution.

### YOUNGER ABSTENTION DOCTRINE ARGUEMRNT

Plaintiff believes that Plaintiff will not receive justice or a fair trial in the 20th circuit due to the facts that the 20th Judicial Circuit has violated Plaintiff's Fourteenth Amendment Right of Equal Justice and Due Process. The prosecutor has ignored the fact that Plaintiff was <u>not indicted by a grand jury</u> for the <u>"Capitol or otherwise Infamous Crime</u>[s]" Plaintiff is presently charged with, and never attempted to correct that deficiency. (*See U.S. Constitution, Amendment V.*). The prosecutor will not even consider that the 20th Executive Branch has committed blatant police perjury and the accompanying Fourth Amendment violations, and other Constitutional violations, (*Wilson v. Russo*). The fact that the 20th circuit has ignored Plaintiff's Constitutional Rights can not be overlooked in the pursuit of justice.

---

[note[1] The criminal case (Case No. 22001209F) has been going on for over a year and they still haven't even done depositions yet, only case management meetings. The actors keep delaying. The time to bring federal action will run out, and they know it.]

In <u>Article III, Section 2, Clause 1</u>, of the Constitution, *The judicial Power shall extend to <u>all Cases, in Law and Equity,</u> arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;*

The "arising under" clause thus provides the main textual basis for the implied power for federal courts to review the constitutionality of legislation and <u>other government actions</u>. Title 28 U.S.C. §1343 (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. The Supreme Court held in the 1821 case *Cohens v. Virginia* that a case arises under the Constitution or laws of the United States whenever its correct decision depends on the construction of either, and that cases arising under federal law include all cases that grow out of the legislation of Congress, whether they constitute the right or privilege, or claim or protection, or defense of the party, in whole or in part, by whom they are asserted. Plaintiff has claimed *Monel* and "Constitutionally Challenged" the city's ordinance. (Chapter 15, Section 15-48(a)-(h)), and claimed, among other Constitutional violations, Defendant Delgado perjured his mittimus to effect a false arrest without probable cause, and now Plaintiff asserts no inditement by a grand jury.

Federal courts are reluctant to interfere with state criminal law administration. A Third Circuit decision, *Cooper v. Hutchinson,* 184 F.2d 119 (1950), in effect, reverses this policy in applying the Federal Civil Rights Act to state criminal proceedings. The district court sustained a motion to dismiss on the ground that the Civil Rights Act did not authorize it to enjoin the state trial. Reversing, the Third Circuit held that the summary removal of counsel deprived Cooper of a constitutional right. However, in view of the strong federal policy against interference with state proceedings, equitable discretion required withholding injunctive relief until it appeared that state courts would not correct the error. The court assumed that the applicable New Jersey statute would permit interlocutory appeal. [in Florida-Fla.R.App.P.9.140(i)], It therefore remanded with directions to retain jurisdiction pending such appeal. The result was to achieve the effect of an injunction without granting one; the threat of injunction effectively stayed the state proceedings until the constitutional defect could somehow be eradicated. In order to reach this result, the court first had to hurdle a statutory codification of the comity rule.

Section 2283 of the Judicial Code provides broadly that a federal court "may not grant an injunction to stay proceedings in a State court." Three exceptions are specified: I, where there is express authorization by Act of Congress; II, where the

injunction is necessary in aid of the court's jurisdiction; III, where the injunction is needed to protect or effectuate the court's judgments.

The Third Circuit chose the first exception as the basis for ruling that Section 2283 did not bar injunctive relief. Since the Civil Rights Act permits "suits in equity" by the aggrieved party, the court reasoned, it constitutes an express statutory authorization.  Presumably the court thought that by subjecting to liability in equity "every person" who acts under color of law to deprive another of constitutional rights, the Civil Rights Act contemplates use of the traditional equitable remedy of injunction against state court judges.

So far Defendants have not disputed Plaintiff's Complaints of Constitutional violations but have attempted to dismiss or stay this case.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court use the "judicial restraint approach" and continue this case to remedy all Constitutional defects and grant Plaintiff justice and any other relief the Court deems just and proper.

## Local rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Plaintiff conferred with counsel for the Defendants via telephone in a good faith effort to resolve the issues raised in Motion, "Document 27". The parties do not agree on resolution of that Motion.

Respectfully submitted,

*/s/ Jerry L. Hoffman Jr.*

Jerry L. Hoffman Jr.

Pro Se Litigant

18470 S.E. 18th Lane

Williston, Fl. 32696

Telephone: (352) 339-4682

Email: ImCatchULater@gmail.com

## CERFTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2023, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system and served a copy by email upon the following participant: Attorney for the defendants Jose Delgado and The City of Punta Gorda, Frank Mari (fmari@roperpa.com)

*/s/ Jerry L. Hoffman Jr.*

*Pro Se Litigant*

2513 words