UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

JERRY L. HOFFMAN JR.

Plaintiff,

    v.                                    Case No. 2:23-cv-130-SPC-NPM

JOSE DELGADO AND CITY

OF PUNTA GORDA,

Defendants.

_____/

**NOTICE OF APPEAL TO ORDER AND OPINION (DOC 32)**

    Plaintiff, under Article III of the Constitution of the United States, does hereby appeal the September 12, 2023, ruling of Dismissed with Prejudice from United States District Judge Sheri Polster Chappell in Case No. 2:23-cv-130-SPC-NPM, of Jerry L. Hoffman Jr., Plaintiff versus Jose Delgado and the City of Punta Gorda, Defendants.

    In the beginning of Judge Chappell's 'DISCUSSION' part of the order, the judge writes "To prove a claim under § 1983, Hoffman must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law…" Then references to the 2019 ruling of Sheets v City of Punta Gorda, generally saying that because a city ordinance which Plaintiff claims is volitive of the 2011 unanimous decision in Gilk v Cunniff, which allows people to video record public officials in public, and Plaintiff was in a public lobby, that the whole case should be dismissed. Judge Chappell overlooks the probable cause issue where the Plaintiff was leaving (Doc. 5 ¶21) and Plaintiff was told he was 'fine' by the officers present, (Doc. 5 ¶22) then after plaintiff started leaving the Defendant entered and immediately went to plaintiff and attacked

Plaintiff by shoving and dragging and falsely arresting and torturing Plaintiff. If Plaintiff was attempting to exit but was interrupted buy an assault by the Defendant, something Plaintiff has no control over, at that point the Fourth Amendment Right Is violated. The most Plaintiff could have received from the Punta Gorda Police Dept is a citation (Doc 5 ¶20). The three officers present, which included the watch commander, were more than capable of issuing a citation if the officers felt Plaintiff had violated a city ordinance. The Defendant Delgado entered as Plaintiff attempted to leave and violated several of Plaintiff's rights.

      If the Court treats factual allegations as true and construes them in the light most favorable to the Plaintiff as in Pielage v McConnell, these stated facts alone require Appellate review to ensure justice is done.

Respectfully submitted

*/s/ Jerry L. Hoffman Jr.*

Jerry L. Hoffman Jr.

Pro Se Litigant

18470 SE 18th Lane

Williston Fl. 32696

Telephone (352) 339-4682

Email ImCtachULater@gmail.com

## CERTIFICATION OF SERVICE

      I HEREBY CERTIFY that on September 29, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system and served copies via email to the following participant: Frank Mari (fmari@roperpa.com)

*/s/ Jerry L. Hoffman*

Jerry L. Hoffman Jr.

Pro Se Litigant