UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN, JR.,

      Plaintiff,

v.                                                    Case No.:  2:23-cv-130-SPC-NPM

JOSE DELGADO and CITY OF
PUNTA GORDA,

      Defendants.

---

## OPINION AND ORDER

Before the Court is pro se Plaintiff Jerry L. Hoffman, Jr.'s Motion for Relief from Judgment. (Doc. 41).  Plaintiff brought this civil rights action based on an arrest in the lobby of the Punta Gorda Police Department.  The Court dismissed Plaintiff's Amended Complaint with prejudice.  (Doc. 32).  The Eleventh Circuit affirmed the Court's dismissal order.  *See Hoffman v. Delgado*, No. 23-13213, 2025 WL 25856 (11th Cir. Jan. 3, 2025), *cert. denied*, 146 S. Ct. 140 (2025).  Plaintiff now moves under Federal Rule of Civil Procedure 60(b) to set aside the judgment.  For the below reasons, the Court denies Plaintiff's motion.

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specifically identified reasons.  Fed. R. Civ. P. 60(b)(1)–(6).  A Rule 60(b) motion is intended

"only for extraordinary circumstances," and the rule's requirements must be strictly met. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). Motions under Rule 60(b) "are directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Plaintiff cites "admissions" made by Defendant City of Punta Gorda in an unrelated case, *Sheets v. Presseller et al.*, Case No. 24-cv-495-KCD-DNF (M.D. Fla.), to argue for relief under Rule 60(b). While unnecessary to decide Plaintiff's motion, the Court first notes *Presseller* is not binding authority. Also, Plaintiff's use of the term "admissions" is incorrect. What Plaintiff points to is an order in *Presseller* finding that no process existed for individuals who wish to challenge a trespass warning by the City. *Presseller* found this lack of process presented a triable issue as to whether a procedural due process violation occurred. Plaintiff argues that, based on the *Presseller* order, the Court improperly dismissed his claims and should vacate its dismissal order. Plaintiff's argument is meritless.

Plaintiff presents no extraordinary circumstances to warrant vacating the Court's dismissal order. First, Plaintiff does not demonstrate relief based on "newly discovered evidence" under Rule 60(b)(2).[1] Plaintiff did not bring an

---

[1] While Plaintiff moves for relief under Rule 60(b)(4) and 60(b)(6), his motion argues that the City's admission is "newly discovered evidence." (Doc. 41 at 2). Therefore, Plaintiff's motion is properly addressed under Rule 60(b)(2) and 60(b)(4). *See Richitelli v. United States*, No. 21-CV-62202, 2024 WL 1174048, at *2 (S.D. Fla. Mar. 18, 2024), *aff'd sub nom. Richitelli v. United States Postal Serv.*, No. 24-11222, 2024 WL 5265229 (11th Cir. Dec. 30, 2024) ("Rule

analogous procedural due process claim to the plaintiff in *Presseller*; therefore the order is irrelevant to the claims in this case. *See, e.g.*, *In re Glob. Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014) (noting plaintiffs must demonstrate newly discovered evidence is "material" and "likely to produce a different result" in their case to warrant relief under Rule 60(b)(2)).

Nor does Plaintiff demonstrate relief is warranted under Rule 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal quotation omitted). The order Plaintiff cites has no bearing on the Court's jurisdiction over this case. Nor does it have any relevance to whether the Court afforded him due process in adjudicating his claims. So no basis exists under Rule 60(b)(4) for vacatur either.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Relief from Judgment (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

60(b)(6) is not available here because Plaintiff does not raise any reason justifying relief aside from the reason she raises for relief under Rule 60(b)(2).") (citation omitted).

3